IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SAINT JOSEPH DIVISION

| | |
|---|---|
| PENSION BENEFIT GUARANTY CORPORATION<br>1200 K Street, NW<br>Washington, DC 20005<br><br>Plaintiff,<br><br>v.<br><br>QUIXOTIC INVESTMENTS, LLC<br>as Plan Administrator for the Quixotic Investments, LLC<br>Cash Balance Pension Plan and Trust<br>c/o Missouri Secretary of State<br>Corporations Unit<br>600 West Main Street<br>Missouri State Information Center, Room 322<br>Jefferson City, Missouri 65101<br><br>Defendant. | Civil Action No.: 20-6026 |

## COMPLAINT FOR PENSION PLAN TERMINATION

This action arises under Title IV of the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1301-1461 (2012 and Supp. IV 2017) ("ERISA"). Plaintiff, Pension Benefit Guaranty Corporation ("PBGC"), brings this action, pursuant to 29 U.S.C. §§ 1342 and 1348(a), seeking an order (a) terminating the Quixotic Investments, LLC Cash Balance Pension Plan and Trust (the "Pension Plan"); (b) appointing PBGC as statutory trustee of the Pension Plan; (c) establishing December 31, 2017, as the termination date of the Pension Plan; and (d) directing the defendant and any other person or entity having possession, custody, or control of any of the records, assets, or other property of the Pension Plan to transfer, convey and deliver all such records, assets, and property to PBGC, as the statutory trustee upon request under 29 U.S.C. § 1342(d)(1). Under 29 U.S.C. §§ 1342(a)(1) and (2), PBGC may bring this action because it has determined that the Pension Plan has not met the minimum funding

1

standard required under 26 U.S.C. § 412 and because the Pension Plan will be unable to pay benefits when due.

## JURISDICTION AND VENUE

1. This Court has exclusive jurisdiction of this action pursuant to 29 U.S.C. §§ 1303(e)(3) and 1342(e) and (f).

2. Venue lies in this Court under 29 U.S.C. §§ 1303(e)(2) and 1342(g).

## PARTIES

3. Plaintiff is a wholly owned United States government corporation established under 29 U.S.C. §1302(a) to administer the pension plan termination insurance program created under Title IV of ERISA. When an underfunded pension plan terminates, PBGC ensures the timely and uninterrupted payment of statutorily guaranteed pension benefits to plan participants and their beneficiaries. 29 U.S.C. §§ 1302(a)(2), 1321, 1322.

4. Defendant, Quixotic Investments, LLC ("Quixotic Investments"), was a limited liability company organized under the laws of Missouri. On information and belief, Quixotic Investments' principal place of business was located at 2116 Oaklawn Drive, Chillicothe, Missouri 64601, in Livingston County.

## THE PENSION PLAN

5. The Pension Plan is a multiple-employer cash balance defined benefit pension plan and is covered under Title IV of ERISA. 29 U.S.C. §§ 1002(35), 1301(a)(15), 1321(a).

6. Quixotic Investments, Quixotic Farming, LLC ("Quixotic Farming"), Pescado, LLC ("Pescado"), and CRDX, Inc. ("CRDX") (collectively, "Quixotic Employers") are the contributing sponsors of the Pension Plan within the meaning of 29 U.S.C. § 1301(a)(13).

7. On information and belief, Quixotic Investments is the Plan administrator of the Pension Plan within the meaning of 29 U.S.C. §§ 1003(16) and 1301(a)(1).

8. On information and belief, Randall J. Constant ("Constant") and John Burton ("Burton") were the Pension Plan's fiduciaries within the meaning of 29 U.S.C. § 1002(21)(A).

9. The Pension Plan provides pension benefits to certain present and former employees of the Quixotic Employers and to their beneficiaries. On information and belief, the Pension Plan has 13 participants, none of whom is retired.

10. On information and belief, Quixotic Investments administered the Pension Plan at its offices in Chillicothe, Missouri.

## CAUSE OF ACTION

11. On information and belief, the Quixotic Employers ceased operations by December 31, 2017.

12. The Missouri Secretary of State administratively dissolved Quixotic Investments, Quixotic Farming, and CRDX on December 31, 2018.

13. On December 20, 2018, Constant pled guilty in the United States District Court for the Northern District of Iowa to one count of wire fraud relating to the mislabeling of about $140 million of non-organic corn and soybeans as certified organic animal feed from 2010 through 2017 through a company he and Burton controlled.

14. On August 16, 2019, Constant was sentenced to a term of 122 months in prison and forfeiture of $128,190,128 in proceeds from his crime.

15. Constant died on August 19, 2019, before he was ordered to report for incarceration.

3

16. On May 10, 2019, Burton pled guilty in the United States District Court for the Northern District of Iowa to one count of wire fraud relating to the mislabeling of about $140 million of non-organic corn and soybeans as certified organic animal feed from 2010 through 2017 through a company he and Constant controlled.

17. On October 28, 2019, Burton was sentenced to a term of 22 months in prison, forfeiture of $1 million of proceeds from his crime, and payment of a $100,000 fine.

18. On December 18, 2019, Burton commenced serving his prison sentence in a federal prison camp.

19. Under 29 U.S.C. § 1111(a), "no person who has been convicted of, or has been imprisoned as result of his conviction of" a variety of felonies, including fraud, may serve as a fiduciary, administrator, officer, trustee, counsel, agent, employee, representative, consultant, or advisor with respect to any employee benefit plan, or serve in any capacity involving decision-making authority or custody or control of any employee benefit plan's assets, for 13 years after the date of such conviction or the end of such imprisonment, whichever is later.

20. Accordingly, Constant and Burton were disqualified from serving as the Pension Plan's fiduciaries, among other things, on the respective dates on which they were convicted.

21. Under 29 U.S.C. § 1342(a)(1), PBGC may commence proceedings to terminate a PBGC-insured pension plan when PBGC determines that the plan has not met the minimum funding standard required under 26 U.S.C. § 412.

22. Under 29 U.S.C. § 1342(a)(2), PBGC may commence proceedings to terminate a PBGC-insured pension plan when PBGC determines that the plan will be unable to pay benefits when due.

23. PBGC has determined, pursuant to 29 U.S.C. §§ 1342(a)(1) and (2), that the Pension Plan has not met the minimum funding standard required under 26 U.S.C. § 412, and that the Pension Plan will be unable to pay benefits when due. PBGC also has determined that the Pension Plan's termination date should be December 31, 2017.

24. On February 27, 2020, in accordance with 29 U.S.C. § 1342(c), PBGC issued a Notice of Determination (the "Notice") to Quixotic Investments, as plan administrator of the Pension Plan, notifying Quixotic Investments that PBGC had determined that the Pension Plan has not met the minimum funding standard required under 26 U.S.C. § 412, that the Pension Plan will be unable to pay benefits when due, and that PBGC will therefore commence proceedings to terminate the Pension Plan. The Notice stated that the Pension Plan's termination date is December 31, 2017. A copy of the Notice is attached hereto as Exhibit 1.

25. Under 29 U.S.C. § 1342(c), a district court may order the termination of a pension plan if necessary to protect the interests of participants, to avoid any unreasonable deterioration of the financial condition of the plan, or to avoid any unreasonable increase in liability to the PBGC insurance fund.

26. PBGC has determined that termination of the Pension Plan is necessary to protect the interests of participants.

27. Under 29 U.S.C. § 1348(a)(4), a district court establishes the date of termination of a pension plan covered by Title IV when PBGC and the plan administrator have not agreed on a date of termination.

28. As of the filing of this Complaint, PBGC and the Pension Plan administrator have not agreed on a date of plan termination.

29. December 31, 2017, should be established as the date of plan termination of the Pension Plan pursuant to 29 U.S.C. § 1348(a)(4), because by that date, the Pension Plan's participants received actual or constructive notice of the Pension Plan termination, and they no longer had any justifiable expectations of the Pension Plan's continuation.

30. Under 29 U.S.C. § 1342(c), a trustee for a pension plan shall be appointed by the court upon granting a decree of plan termination. Further, 29 U.S.C. § 1342(c) provides that PBGC may request that it be appointed as trustee of a plan in any case.

31. The PBGC is ready, willing, and able to serve as statutory trustee of the Pension Plan.

## **RELIEF REQUESTED**

WHEREFORE, PBGC respectfully requests that this Court grant judgment for PBGC and issue an order granting the following relief:

1. Adjudicating the Pension Plan terminated, pursuant to 29 U.S.C. § 1342(c);

2. Appointing PBGC statutory trustee of the Pension Plan, pursuant to 29 U.S.C. § 1342(c);

3. Establishing December 31, 2017, as the termination date of the Pension Plan, pursuant to 29 U.S.C. § 1348(a)(4);

4. Directing Quixotic Investments and any other person or entity having possession, custody, or control of any records, assets, or other property of the Pension Plan, to transfer, convey, and deliver all such records, assets, and property to PBGC as statutory trustee upon request, pursuant to 29 U.S.C. § 1342(d)(1); and

5. Granting such other relief as this Court deems just and proper.

Dated: Washington, D.C.
February 27, 2020

Respectfully submitted,

/s/ Ralph L. Landy
C. PAUL CHALMERS
Acting General Counsel
KARTAR KHALSA
Deputy General Counsel
C. WAYNE OWEN, JR.
Assistant General Counsel
RALPH L. LANDY (PA Bar # 41384)
Attorney

PENSION BENEFIT GUARANTY
CORPORATION
Office of the General Counsel
1200 K Street, N.W.
Washington, D.C. 20005-4026
Phone: (202) 326-4020, ext. 3090
Fax: (202) 326-4112
E-mail: landy.ralph@pbgc.gov &
efile@pbgc.gov

Designated Attorneys to Receive Service

TIMOTHY A. GARRISON
United States Attorney
CHARLES M. THOMAS
Assistant United States Attorney
400 East 9th Street, Room 5510
Kansas City, Missouri 64106
Phone: (816) 426-4299
Fax (816) 426-4210
E-mail: charles.thomas@usdoj.gov

Attorneys for Plaintiff
Pension Benefit Guaranty Corporation